IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| SHANE MAHANA,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ENERPLUS RESOURCES U.S.A. CORP., a Delaware Corporation for profit; HALLIBURTON ENERGY SERVICES, INC., a Delaware Corporation for profit; WATSON/HOPPER, INC., a New Mexico Corporation for profit; GARY COX; the Personal Representative of the Estate of Gary Cox; and DOES 4-10, Inclusive,<br><br>　　　　　　　Defendants. | CV-12-31-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　Plaintiff Shane Mahana ("Mahana") initiated this action in state court claiming that he was injured because of the negligence of Defendants Enerplus Resources U.S.A. Corp. ("Enerplus"), Halliburton Energy Services, Inc. ("Halliburton"), and Gary Cox.  *Am. Cmplt. (Court Doc. 7) at ¶¶ 14-21*.  He also asserts claims against Defendant

-1-

Watson/Hopper, Inc. ("Watson") for strict product liability and breach of warranty. *Id. at ¶¶ 22-32.*

On March 2, 2012, Watson removed the action to this Court asserting diversity jurisdiction. *Notice of Removal (Court Doc. 1) at ¶¶ 4-10.* Watson claims diversity of citizenship exists because Mahana is a Colorado citizen, Enerplus and Halliburton are Delaware corporations, and Watson is a New Mexico corporation. Gary Cox is now deceased, and Mahana has named the personal representative of Cox's estate as a defendant. The Court herein refers to Gary Cox and the personal representative of his estate as "Cox." Cox is a Montana citizen. *Id. at ¶¶ 4-8.* When Watson removed the action, Enerplus and Halliburton consented to removal, but Mahana had not yet served Cox. *Id. at ¶ 15.*

Mahana moves to remand to state court under 28 U.S.C. § 1447(c) arguing that removal violates the "forum defendant rule" found in 28 U.S.C. § 1441(b) because Cox is a citizen of the forum state. *Pltf's Mtn. to Remand (Court Doc. 10) at 1-2; Pltf's Br. in Support (Court Doc. 11) at 3-5.* Watson and Halliburton oppose Mahana's motion. *See Watson's Resp. Br. (Court Doc. 15) and Halliburton's Resp. Br. (Court Doc. 16).*

By Order filed May 9, 2012, Chief Judge Cebull referred this case to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), including submission of proposed findings of fact and recommendations for the disposition of all motions excepted by 28 U.S.C. § 636(b)(1)(A).  *Order (Court Doc. 21) at 1-2.*  Having considered the parties' arguments, and for the reasons discussed below, the Court recommends that Mahana's motion to remand be denied.

I.   **BACKGROUND**

Mahana alleges that he was injured on July 31, 2008, in Richland County, Montana, when the derrick on the oil well service rig where he was working collapsed.  He claims that Watson manufactured and sold the service rig, which was located on Enerplus's property and which was contracted for operation by Halliburton.  *Court Doc. 7 at ¶ 7.*  He also claims that, at the time of the accident, Cox managed and supervised the operation of Halliburton's Montana oil wells.  *Id. at ¶ 5.*

On July 29, 2011, Mahana filed an Amended Complaint and Jury Demand in the Montana Thirteenth Judicial District, Yellowstone County, as Cause No. DV 11-826.  *Court Doc. 11 at 2-3.*

On January 9, 2012, Mahana was notified that Billings attorney Jacquelyn Hughes ("Hughes") had been appointed as Personal Representative of Cox's estate. *Court Doc. 11 at 3* (citing *Odegaard Affidavit* (*Court Doc. 11-1*) *at ¶ 2*). On the same date, Hughes agreed to acknowledge service on behalf of the Cox Estate. *Court Doc. 11-1 at ¶ 2*.

On January 20, 2012, Mahana's counsel attempted to deliver acknowledgment of service documents to Hughes but learned that she was unavailable. *Id. at ¶ 3*.

On March 2, 2012, Watson removed the action to federal court. *Court Doc. 1 at 1*. Three days later, on March 5, 2012, Hughes formally acknowledged service of the summons and Amended Complaint on behalf of Cox. *Court Doc. 11 at 3* (citing *Acknowledgment and Waiver of Service* (*Court Doc. 11-2*) *at 2*). On April 2, 2012, Mahana filed the pending motion to remand. *Court Doc. 10 at 1*.

## II.   SUMMARY OF THE PARTIES' ARGUMENTS

Mahana seeks remand arguing that Watson's removal is defective. *Court Doc. 11 at 3-5*. Mahana argues that 28 U.S.C. § 1441(b) allows a defendant to remove an action "only if none of the

-4-

parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because Cox is a citizen of Montana, which is the State in which this action is brought, Mahana argues, § 1441(b)'s "forum defendant rule" precludes removal. *Id.*

Watson and Halliburton argue in response that, at the time of removal, Cox had not been served, thus rendering § 1441(b)'s forum defendant rule inapplicable. *Court Doc. 15 at 2-3; Court Doc. 16 at 3-7.* Additionally, Watson argues that Mahana fraudulently joined Cox, rendering removal appropriate and proper. *Court Doc. 15 at 3-11.*

In reply, Mahana argues that Watson and Halliburton urge an interpretation of § 1441(b)'s forum defendant rule that would yield "an absurd result demonstrably at odds with Congressional intent." *Pltf's Reply Br. (Court Doc. 20) at 8-12.* He argues that removal's generally "disfavored status," together with a split among courts that have addressed whether pre-service removal defeats the forum defendant rule, should convince this Court to grant his motion to remand. *Id.* Mahana also argues that he did not fraudulently join Cox because he has stated valid claims against Cox. *Id. at 2-7.*

## III.  DISCUSSION

A defendant may remove from state court to federal court a civil action over which federal courts have original jurisdiction. 28 U.S.C. § 1441(a). But actions removed based on diversity jurisdiction face the following limitation imposed by 28 U.S.C. § 1441(b)(2):

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest <u>properly joined and served as defendants</u> is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added).

The issue here is whether § 1441(b)(2) requires remand where Mahana served Cox, a forum defendant, after Watson properly removed the action based on diversity of citizenship. Mahana acknowledges that a "plain meaning interpretation of § 1441(b) allows a [removal] so long as the forum defendant has not been 'properly joined and served' at the time of removal." *Court Doc. 20 at 8*.

The Ninth Circuit applied this plain meaning interpretation in *Spencer v. U.S. Dist. Ct. for the Northern Dist. of Cal.*, in which it confronted the very similar issue of "whether the joinder of a local, but

completely diverse defendant, after an action has been removed to federal court, requires remand." 393 F.3d 867, 870 (9th Cir. 2004). The district court in *Spencer* determined that remand was not required where a forum defendant was joined after removal to federal court. The Ninth Circuit explained:

> Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed. When removal is proper at that time, subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand.
>
> \* \* \*
>
> We conclude that the post-removal joinder of ... a "forum defendant," did not oust the district court of subject-matter jurisdiction. The forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed. Because no local defendant was a party to the action at that time, and given the preservation of complete diversity of the parties thereafter, the district court did not err in denying the Spencers' motion to remand.

*Id.*, 393 P.3d at 871 (citations omitted).

It is undisputed here that Cox had not been served when Watson removed the case to federal court. It also is undisputed that complete diversity continues to exist between the parties even after Cox has been served. Under the Ninth Circuit's holding in *Spencer*, because Cox had

-7-

not been served at the time of removal and because complete diversity was preserved after Cox was served, remand is not required. *Id.*; see also *Allen v. Eli Lilly and Co.*, 2010 WL 3489366 at *2 (S.D. Cal. 2010) (relying on *Spencer*, noting that "[t]he forum defendant rule is inapplicable if the removal is effected by an out-of-state defendant before any local defendant is served").

The foregoing Ninth Circuit authority compels a recommendation that the motion to remand be denied. The Court concludes that it is unnecessary to address either the effect of non-controlling authority cited by Mahana (*Court Doc. 20 at 9-12*), or the issue of whether Mahana fraudulently joined Cox.

## IV. CONCLUSION

Based on the foregoing reasons, **IT IS RECOMMENDED** that Mahana's motion to remand (*Court Doc. 10*) be DENIED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and

recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

    DATED this 30th day of May, 2012.

                                    **/S/ Carolyn S. Ostby**
                                    United States Magistrate Judge