IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION



| SHANE MAHANA, | Case No. CV-12-31-BLG-RFC-CSO |
|---|---|
| Plaintiff, | |
| vs. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| ENERPLUS RESOURCES U.S.A. CORP., a Delaware Corporation for profit; HALLIBURTON ENERGY SERVICES, INC., a Delaware Corporation for profit; WATSON/HOPPER, INC., a New Mexico Corporation for profit; GARY COX; the Personal Representative of the Estate of Gary Cox; and DOES 4-10, Inclusive, | |
| Defendants. | |

United States Magistrate Judge Carolyn Ostby has recommended that this Court deny Shane Mahana's Motion to Remand because forum defendant Gary Cox had not yet been served when at the time of removal and the forum defendant rule therefore did not apply. Doc. 22.

Upon service of a magistrate judge's findings and recommendation, a party

1

has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Mahana has filed timely objections (doc. 23), which require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

Mahana objects to Judge Ostby's reliance on *Spencer v. U.S. District Court for the Northern District of California,* in which the Ninth Circuit Court of Appeals held that federal diversity jurisdiction is not destroyed by the joinder of a local, diverse defendant subsequent to removal. 393 F.3d 867, 870-71 (9th Cir. 2004). Mahana claims that the *Spencer* is distinguishable because this case does not involve a new party joined after the notice of removal was filed, but a forum defendant who was an originally named party for whom service could not be effected prior to removal because the registered agent was unavailable.

But even though *Spencer* is not directly analogous, it makes clear that "[c]hallenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed." 393 F.3d at 871. At the time the notice of removal was filed, Cox had not been "properly joined *and served.*" 28 U.S.C. § 1441(b) (emphasis added). *Spencer* also makes clear that the "forum defendant rule is only applicable at the time the notice of removal is filed" and where, like here, no local defendant is a party to the action at that time and complete diversity

was preserved after he was served, a motion to remand may be denied. *See Allen v. Eli Lilly and Co,* 2010 WL 3489366, at *2 (S.D. Cal. 2010), citing *Spencer; see also* Schwarzer, Tashima and Wagstaffe, *Calif. Practice Guide: Fed. Civ. Proc. Before Trial* § 2:2320 at 2D-21(TRG 2012) ("where 'local' defendant is named, nonresidents must remove *before* that defendant is served!") and § 2:2324 at 2D-22 ("if P (Nevada Citizen) sues D-1 (Oregon Citizen) and D-2 (California Citizen) in a California state court ..., D-1 can remove the action ... so long as D-2 has not yet been *served* ...").

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and adopts them in their entirety.

**IT IS HEREBY ORDERED** that Mahana's Motion to Remand (doc. 10) is **DENIED**.

DATED this 4th day of October, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE